# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GARY TYSON,

    Plaintiff,

v.                                                          Case No. 06-14465

UNITED STATES OF AMERICA.

    Defendant.
                                            /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pending before the court is Plaintiff's motion for reconsideration of the court's order dismissing the cause of action. Plaintiff argues that the court should not have considered a certain affidavit, the Pernicano declaration, provided by Defendant in its reply, arguing that the declaration was not based on personal knowledge and inadmissible, and asserting that without the declaration the court's conclusion would have been different. Having reviewed the motion and supporting brief, the court finds that a hearing is not necessary. E.D. Mich. LR 7.1(e)(2). For the reasons stated below, Plaintiff's motion will be denied.

## I. STANDARD

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest,

or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

## II. DISCUSSION

Plaintiff's complaint alleged medical malpractice committed by a physician, and brought his claim under the Federal Tort Claims Act, 28 U.S.C. § 1291 ("FTCA"). (Compl. at ¶1.) Defendant argued that the doctor was not its employee and that the claim should be dismissed because under the circumstances there could be no waiver of sovereign immunity under the FTCA. Plaintiff responded to the motion with four discrete arguments: 1) Defendant has made a judicial admission that establishes that it is the appropriate Defendant, 2) the doctor was an employee of Defendant, 3) Defendant had a non-delegable duty and 4) Defendant should be equitably estopped from seeking dismissal. The court rejected each argument in turn, and granted Defendant's motion to dismiss, narrowly construing waivers of sovereign immunity in favor of the sovereign and resolving ambiguities in its favor. *Rutten v. U.S.*, 299 F.3d 993, 995 (8th Cir. 2002) (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992)).

The court recognized as "the core issue" whether the facts "establish that Dr. Farhad Ebrahim was an employee of the United States." (6/26/07 Order at 4.) The court applied the "control test," and concluded that he was not. (*Id.* at 4-7.) In its discussion of the issue, the court cited chiefly the parties' contract and Ebrahim's

deposition.  Briefly, the court referred to Pernicano's affidavit or "Declaration," which the court characterized as "claim[ing]" that "no VA policies controlled the work that Ebrahim did at the VA," (*id.* at 5), consistent with the Ebrahim testimony, and supporting also Ebrahim's direct testimony that he was never an employee of the VA.

Plaintiff's argument is not persuasive.  In the court's reasonably compact analysis and ruling, it referred only once to the -- allegedly inadmissible -- Pernicano statements, and then only to point out that its claims were, in part, consistent with the undeniably admissible testimony of Ebrahim.  The court accepted the unrebutted testimony of Ebrahim concerning his employment status (supported as it was by the precise terms of the contract), and certainly did not rely wholly, nor even significantly, on Pernicano's statements.  If those statements had never come to light -- or, alternatively, if they were simply ignored -- no different result would follow.

The balance of the arguments presented by Plaintiff in the motion for reconsideration raise only "issues already ruled upon by the court, either expressly or by reasonable implication."  *See* E.D. Mich. LR 7.1(g)(3).  Accordingly, the court's assessment of the situation, and its order of dismissal, need no correction.

### III.  CONCLUSION

IT IS ORDERED that Plaintiff's Motion for Reconsideration [Dkt #19] is DENIED.

   S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  July 24, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 24, 2007, by electronic and/or ordinary mail.

                                               S/Lisa Wagner
                                           Case Manager and Deputy Clerk
                                           (313) 234-5522